IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | |
|---|---|
| MUHAMMAD ANWAR,<br><br>　　　　　Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | No. 6:19cv2011-JAJ-KEM<br><br><br>**ORDER** |

　　　　This matter comes before the court pursuant to an evidentiary hearing following this court's December 2, 2019 initial review order for the petition filed pursuant to 28 U.S.C. § 2255. The court held an evidentiary hearing on October 9, 2020 at which the petitioner appeared by telephone from his place of incarceration. He was represented by Joseph Bertogli. The government was represented by Assistant United States Attorney Dan Chatham. The court dismisses the remaining claim in this matter and directs the clerk to enter judgment in favor of the United States.

　　　　The sole issue for resolution at the evidentiary hearing is whether the petitioner's trial counsel rendered ineffective assistance of counsel by failing to call attorney Alfredo Parrish as a witness at the trial. At the October 9, 2020 evidentiary hearing, the court heard testimony from Alfredo Parrish, Montgomery Brown (petitioner's trial attorney), and the petitioner. The court makes the following findings of fact.

## Findings of Fact

　　　　This case arose out of the sale of massive quantities of synthetic cannabinoids relatively soon after synthetic cannabinoids such as K2 were developed. In this conspiracy, the defendants marketed the synthetic cannabinoids as "incense" and sold these packages from behind the counter in convenience stores owned and operated by members of the conspiracy.

Early in the life of synthetic cannabinoids, there was some confusion about what they were and how they were determined to be controlled substances under Iowa and federal law. At trial, the petitioner attempted to capitalize on this confusion and presented a defense largely based on a purported lack of knowledge that the substances were controlled substances.

The petitioner has alleged in the petition and had told his attorney prior to trial that he had retained attorney Alfredo Parrish to secure an opinion about the lawfulness of the substances being sold. He contends that he received an opinion from Mr. Parrish that the substances were legal after Mr. Parrish had allegedly contacted government officials.

Mr. Parrish credibly testified that the petitioner had been his client on an earlier federal charge of immigration related marriage fraud. However, Parrish did not represent Anwar on the synthetic cannabinoid case in part because he represented a co-conspirator and therefore would have had a conflict of interest that prevented him from representing Anwar. In his representation of a co-conspirator, Mr. Parrish determined that his client (Benny Nat) would be charged, if at all, only in state court. In October 2014, Parrish arranged to have ten samples of purported synthetic cannabinoids that were seized from his client submitted to a laboratory in Indiana. Of the ten samples, seven were determined to be controlled substances under Iowa law. The lab was not asked to nor did it make a determination as to whether the substances were controlled substances within the meaning of federal law.

The petitioner contends that he provided other laboratory reports to Mr. Parrish years before Parrish obtained the Indiana laboratory analysis. These laboratory reports were provided by the petitioner's "vendors" for synthetic cannabinoids. The vendors were co-conspirators.

The petitioner was represented by attorney Montgomery Brown at the trial. Brown is an exceedingly experienced defense attorney. Mr. Brown considered the defense of reliance on the advice of counsel and sent a subpoena to Parrish for the trial. However, after speaking with Parrish and learning the information set forth above, he

made the decision not to call Parrish as a witness. The reliance on advice of counsel defense was not be supported by Parrish because Parrish did not represent the petitioner, the advice was not procured for the purpose of determining the legality of future behavior and the petitioner had not provided a full and accurate report of the facts associated with synthetic cannabinoids. The petitioner did not even contend that he had informed Parrish that the synthetic cannabinoids were being smoked by purchasers. In addition, Mr. Parrish never informed the petitioner that it was legal to sell these products.

The decision to not call Alfredo Parrish as a witness was the right decision, exceedingly reasonable under the circumstances presented above.

## Certificate of Appealability

Before a petitioner can appeal to the court of appeals from a final order in a habeas corpus proceeding, the district court judge must issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). Such certificate may be issued if "the applicant has made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), and indicates "which specific issue or issues satisfy the [substantial] showing." *Id.* § 2253(c)(3).

To meet the "substantial showing" standard, the petitioner must demonstrate that a reasonable jurist would find the district court ruling on the constitutional claim debatable or wrong. *Winfield v. Roper*, 460 F.3d 1026, 1040 (8th Cir. 2006) (citing *Tennard v. Dretke,* 542 U.S. 274, 276, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)); *see also Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) ("the petitioner must 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.1, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)) (alteration in original)). A "substantial showing" must be made for each issue presented. *See Parkus v. Bowersox*, 157 F.3d 1136, 1140 (8th Cir. 1998). The certificate of appeal will then contain "an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-el v. Cockrellu*, 537 U.S. 322, 336 (2003). "This threshold inquiry does not require full consideration of the factual or

3

legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* Thus, a district court may issue a certificate of appeal even if the court is not certain that "the appeal will succeed . . . [because a certificate of appealability] will issue in some instances where there is no certainty of ultimate relief." *Id.* at 336-37 (citing *Slack v. McDaniel*, 539 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Here, petitioner cannot show that reasonable jurists would disagree or debate whether the issues presented should have had a different outcome, and whether the issues are adequate to deserve encouragement to proceed further. *See Barefoot*, 463 U.S. at 893 n.4.

The court has examined the issues resolved in the December 2, 2019 initial review order and the issue presented at the October 9, 2020 hearing. The court denies a certificate of appealability.

Upon the foregoing,

**IT IS ORDERED** that the petitioner's February 27, 2019 Petition for Writ of Habeas Corpus [Dkt. No. 1] is dismissed in its entirety. The clerk shall enter judgment in favor of the United States.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

**DATED** this 15th day of October, 2020.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA